DECISION
Ashwani K. Sachdeva, plaintiff-appellant, appeals a decision of the Franklin County Court of Common Pleas granting a motion for summary judgment in favor of defendants-appellees, James Conrad, Administrator of the Bureau of Workers' Compensation, the Industrial Commission of Ohio ("commission"), and Morning Pride Manufacturing, LLC.
Appellant is a citizen of India and not a naturalized citizen of the United States. On June 23, 2000, appellant filed a complaint against appellees with the trial court requesting a judgment declaring R.C.4123.511(J)(4) unconstitutional based upon Section 5, Article I, Ohio Constitution, which states in part that the "right of trial by jury shall be inviolate." Appellant also requested a preliminary injunction enjoining appellees from enforcing R.C. 4123.511(J)(4) against him. Appellant's counsel, Adam Leonatti, also filed an affidavit with appellant's complaint. Leonatti stated in the affidavit that a finding of fraud had been made by the commission, which would adversely affect appellant's immigration status. Leonatti further stated that "a finding of fraud will subject [appellant] to the requirement that he make immediate and full restitution to the Bureau of Workers' Compensation for all amounts found overpaid."
On November 7, 2000, James Conrad, Administrator of the Bureau of Workers' Compensation and the commission filed a motion for summary judgment. In the motion they argued that "the administrative determination of fraud in a workers' compensation claim was not existent at common law, and a right to a trial by jury of this issue is not preserved by Article I, Section 5 of the Ohio Constitution, as [appellant] advocates." On March 14, 2001, the trial court sustained the motion for summary judgment stating:
 [T]his Court finds that R.C. 4123.511(J)(4) does not violate Article I, Section 5 of the Ohio Constitution when it allows the Industrial Commission to make a finding of fraud without the benefit of a jury trial for the very limited purpose of determining whether [appellant's] debt can be collected through ordinary legal means generally available to creditors.
On March 23, 2001, the trial court filed a final judgment entry after "[h]aving found, by decision rendered on March 14, 2001, that R.C.4123.511(J) does not operate to violate Article I, Section 5 of the Ohio Constitution, the court hereby enters judgment in favor of the [appellees]." Appellant appeals this judgment and presents the following assignment of error:
 The Trial Court erred in failing to conclude that ORC § 4123.511(J)(4) operates to deny Appellant's right to trial by jury as provided under Article I, Section 5 of the Ohio Constitution.
Appellant argues in his single assignment of error that R.C.4123.511(J)(4) is unconstitutional because it takes away his right to a jury trial as guaranteed by Section 5, Article I, Ohio Constitution. Appellant claims he should be allowed to have a trial by jury concerning the issue of whether he committed fraud.
All legislative enactments enjoy a presumption of constitutionality. State ex rel. Taft v. Franklin Cty. Court of Common Pleas (1998),81 Ohio St.3d 480, 481. A court's review of legislation begins with the strong presumption that the legislation is constitutional, and before a court may declare it unconstitutional, it must appear beyond a reasonable doubt that the legislation and constitutional provisions are clearly incompatible. State v. Cook (1998), 83 Ohio St.3d 404, 409, certiorari denied (1999), 525 U.S. 1182, 119 S.Ct. 1122.
R.C. 4123.511(J)(4) is constitutional according to two different legal theories. First, the Ohio Workers' Compensation System is part of the Ohio Constitution through Section 35, Article II, Ohio Constitution, which states in part that "[l]aws may be passed establishing a board which may be empowered * * * to collect, administer and distribute" from the state workers' compensation fund. The workers' compensation system is based on the premise that an employer is protected from a suit for negligence in exchange for compliance with the Workers' Compensation Act, which:
 * * * operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability. Blankenship v. Cincinnati Milacron Chemicals (1982), 69 Ohio St.2d 608, 614.
"Section 35, Article II represents a social bargain in which employers and employees exchange their respective common-law rights and duties for a more certain and uniform set of statutory benefits and obligations." Holeton v. Crouse Cartage Co. (2001), 92 Ohio St.3d 115, 119.
R.C. 4123.511(J)[1] passed by the legislature pursuant to the authority granted by Section 35, Article II, Ohio Constitution, allows the Bureau of Workers' Compensation or a self-insuring employer to withhold an "amount of previously paid compensation to the claimant which, due to reversal upon appeal, the claimant is not entitled" pursuant to the criteria listed in R.C. 4123.511(J)(1) through (4). One of the criteria listed is the requirement that the administrator and self-insuring employers "may utilize, the repayment schedule of this division, or any other lawful means, to collect payment of compensation made to a person who was not entitled to the compensation due to fraud * * *." R.C. 4123.511(J)(4).
R.C. 4123.511 does not define "fraud." However, under R.C.4123.511(J)(4), the issue of whether fraud has occurred is to be "determined by the administrator or the industrial commission." Therefore, the "General Assembly has spoken in this area and * * * the issue of workers' compensation fraud must initially be decided within the Industrial Commission." Cathey v. Cassens Transport Co. (Feb. 4, 2000), Union App. No. 14-99-35, unreported. Such a determination is constitutional because it is consistent with Section 35, Article II, Ohio Constitution.
Second, there is no right to a trial by jury under the Ohio Constitution "unless that right is extended by statute or existed at common law prior to the adoption of our state Constitution." Kneisley v. Lattimer-Stevens Co. (1988), 40 Ohio St.3d 354, 356. "The rights of employees and their dependents in the Workmen's Compensation Law are not governed by common law, but are only such as may be conferred by the General Assembly." Westenberger v. Indus. Comm. (1939), 135 Ohio St. 211,212. Therefore, since appellant's rights regarding workers' compensation benefits are governed by statute and not by common law, appellant does not have a right to a jury trial under the Ohio Constitution regarding whether he improperly received workers' compensation funds. Additionally, the type of "fraud" that is contemplated by former R.C.4123.511 is different than common law actions for fraud because the recoupment of workers' compensation funds improperly received by a claimant is controlled solely by statute pursuant to R.C. 4123.511(J)(1) through (4).[2]
Accordingly, we find R.C. 4123.511(J)(4) is constitutional based upon the above reasoning. Therefore, the trial court did not err in its decision granting summary judgment in favor of appellees concerning this issue. Appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
TYACK and KENNEDY, JJ., concur.
[1] The version of R.C. 4123.511 that we will refer to throughout this decision is the version that was in effect at the time the commission determined appellant owed funds paid from the workers' compensation fund. This version became effective August 6, 1999 through H.B. No. 180 during the 123rd General Assembly.
[2] We note that the commission's "Overpayment Policy" contained in a memo titled "Policy Statements and Guidelines" submitted by appellees states the necessary elements for a fraud determination. These elements mirror the common law fraud elements. However, there is no requirement that the commission follow the common law fraud elements while carrying out their duty mandated by the legislature "to collect payment of compensation made to a person who was not entitled to the compensation due to fraud" pursuant to R.C. 4123.511(J)(4).